UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA KARTMAN, *et al.*, ) | |
|     Plaintiffs, ) | |
| ) | |
|   vs. ) | 1:07-cv-474-WTL-TAB |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, *et al.*, ) | |
|     Defendants. ) | |

**ORDER ON PLAINTIFFS' OBJECTION TO
ENTRY ON PLAINTIFFS' MOTION TO COMPEL**

This cause is before the Court on "Plaintiffs' Objection to Entry on Plaintiffs' Motion to Compel" (Docket No. 108). Plaintiffs appeal the magistrate judge's order of April 25, 2008, that denied their motion to compel Defendants to produce documents requested by Plaintiffs' Second Request for Production of Documents ("Second RFP"). The Second RFP sought production of all documents Defendants had produced in seven other cases. None of these other cases took place in Indiana or involved the application of Indiana insurance law. Further, none of the other cases involved hail damage; they involved damage done by tornados or Hurricane Katrina. The magistrate judge denied the motion on the basis that Plaintiffs have failed to demonstrate that the documents sought were relevant or that there was a link between the documents sought and the issues in this suit.

Pursuant 28 U.S.C. § 636(b)(1)(A), a pretrial matter decided by a magistrate judge may be reconsidered by a district judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See also* Federal Rule of Civil Procedure 72(a). "Clearly erroneous" means that the district judge can overturn the magistrate judge's ruling "only if the district court is

left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Here, Plaintiffs contend that the magistrate erred because they demonstrated relevance as well as a link between the requested documents and the issues in this case. Specifically, they argue that the other cases involved the use of two firms hired by Defendants to perform evaluations and estimates of damage that occurred in other natural disasters. Plaintiffs note that these other firms were used in Indiana to assess the hail damage involved in this suit or else were used to bolster the opinions of Defendants' experts. Therefore, Plaintiffs contend that the documents they seek will shed light on the relationship between Defendants and these other firms and permit Plaintiffs to impeach the credibility of those firms. Plaintiffs also believe that the documents will lead to admissible evidence of Defendants' routine practices for evaluating claims.

Plaintiffs have not demonstrated clear error in this case. The Court agrees with the magistrate judge's ruling. Moreover, the Court concludes that the general request for "all documents" is overly broad and would be unduly burdensome.

In making this decision, the Court is cognizant of the language in *Ray v. State Farm Mutual Automobile Insurance Co.*, 1:05-cv-1782-DFH-TAB, 2008 WL 314424, *2 (Jan. 16, 2008), that it might be appropriate to permit some limited discovery on cases from other states to rebut an argument in opposition to class certification that insurance evaluations are a highly individualized process. The Court is not persuaded that this *dicta* leads to a different result. The *Ray* court indicated "limited" discovery. Notwithstanding Plaintiffs' arguments now, the Second RFP reveals that Plaintiffs do not seek "limited" discovery but extremely broad discovery. If Plaintiffs still desire to obtain specific documents related to the outside firms, they have available means to do so.

For example, they can narrow the scope of their request to specific types of documents or they can serve proper third-party requests. The Court, however, will not rewrite Plaintiffs' request for production to narrowly tailor it to an appropriate request.

For the foregoing reasons, Plaintiffs' objection is **OVERRULED** and the magistrate judge's order on the motion to compel is **AFFIRMED**.

IT IS SO ORDERED: 02/06/2009

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Dennis F. Cantrell
BINGHAM MCHALE, LLP
dcantrell@binghammchale.com

Brad A. Catlin
PRICE WAICUKAUSKI & RILEY
bcatlin@price-law.com

Joseph E. Ezzie
BAKER & HOSTETLER LLP
jezzie@bakerlaw.com

Mark A. Johnson
BAKER & HOSTETLER LLP
mjohnson@bakerlaw.com

Jamie Ranah Kendall
PRICE WAICUKAUSKI & RILEY
jkendall@price-law.com

Tara Stapleton Lutes
BINGHAM MCHALE LLP
tlutes@binghammchale.com

Rand L. McClellan
BAKER & HOSTETLER LLP
rmcclellan@bakerlaw.com

John Mark McKinzie
RILEY BENNETT & EGLOFF LLP
mmckinzie@rbelaw.com

Christopher Allan Moeller
PRICE WAICUKAUSKI & RILEY
cmoeller@price-law.com

Nirav N. Parikh
RILEY BENNETT & EGLOFF LLP
nparikh@rbelaw.com

Henry J. Price
PRICE WAICUKAUSKI & RILEY
hprice@price-law.com

William N. Riley
PRICE WAICUKAUSKI & RILEY
wriley@price-law.com

Jana K. Strain
PRICE WAICUKAUSKI & RILEY
jstrain@price-law.com

James P. Strenski
BINGHAM MCHALE LLP
jstrenski@binghammchale.com

Joseph N. Williams
PRICE WAICUKAUSKI & RILEY
jwilliams@price-law.com