UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA KARTMAN, *et al.*, ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | 1:07-cv-474-WTL-TAB |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, *et al.*, ) | |
|     Defendants. ) | |

## **ORDER**

This cause is before the Court on Plaintiffs' Motion for Class Certification (Docket No. 58), Plaintiffs' Request for Oral Argument on the Motion for Class Certification (Docket No. 121), Defendants' Motion to Strike Plaintiffs' Expert Witness (Docket No. 96), and Defendants' Motion to Strike Plaintiffs' Amended Trial Plan (Docket No. 129).

The Court concludes that oral argument on the Motion for Class Certification is unnecessary because the parties' briefs fully apprise the Court of the issues related to that motion. Therefore, the request for oral argument is **DENIED**.

The Court also **DENIES as MOOT OR PREMATURE** Defendants' Motion to Strike Plaintiffs' Expert Witness. In addressing the Motion for Class Certification, the Court has not relied upon Plaintiffs' proffered expert. In addition, the question of whether the proffered expert is qualified to present testimony is premature at this juncture until such time as his testimony is offered for summary judgment purposes or for trial. In other words, the motion is premature until such time as the merits of the suit must be considered.

Defendants' Motion to Strike Plaintiffs' Amended Trial Plan is **GRANTED**. Because the Court contemplates meeting with counsel for the parties at some point to discuss case management issues, the current trial plans are likely to be revised.

Finally, having reviewed the Motion for Class Certification and supporting memorandum, Defendants' response in opposition, and Plaintiffs' reply in support of the motion, the Court concludes that the motion should be **GRANTED in part and DENIED in part**.[1]

## I. BACKGROUND

The Plaintiffs are individuals who each held an insurance policy issued by one of the Defendants, State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company (the defendants collectively, "State Farm"). On or about April 16, 2008, a large hailstorm struck central Indiana causing damage to many roofs in the area. Plaintiffs estimate that over 7,000 of those affected by the hail storm were insured by State Farm and made claims for insurance coverage. According to Plaintiffs, State Farm had no reasonable, objective standard in place for adjusting hail damage claims and essentially engaged in an *ad hoc* process for evaluating those claims. Plaintiffs contend that their claims were either denied or were not fully covered, resulting in out-of-pocket expenses to cover the costs of repair to the damaged roofs. On behalf of themselves and a class of similarly situated individuals, Plaintiffs seek compensatory and punitive damages for breach of contract, tortious bad faith breach of their

---

[1] The Motion for Class Certification was filed contemporaneously with Plaintiffs' Motion for Leave to File Fourth Amended Complaint, which was subsequently granted. Therefore, in considering the Motion for Class Certification, the Court has reviewed the Fourth Amended Complaint and the allegations contained therein.

insurance contracts, and unjust enrichment. They also seek injunctive relief in the form of an order that State Farm re-evaluate the roofs of all those who made timely claims pursuant to a uniform and objective standard, as well as attorney fees and costs associated with bringing and maintaining this action.

### A.  NAMED REPRESENTATIVES

Plaintiffs request that Karen Stergar ("Stergar") and Hong Gao ("Gao") be appointed as representative plaintiffs for the proposed class. Like so many others, Stergar's roof was damaged in the hailstorm and she submitted an insurance claim pursuant to her homeowner's policy. A State Farm adjustor was dispatched to Stergar's home and informed her that she had not suffered any hail damage. He made this determination without even stepping out of his vehicle. Stergar claims that the adjustor was very combative and ultimately offered to write her a check for $700.00. She also alleges that the adjustor implied that a claim was not worth her time because she would not meet her deductible.

Thereafter, a second State Farm adjustor attempted to evaluate Stergar's roof. Unlike the first adjustor, the second adjustor actually climbed onto the roof and explained that there was enough damage that Stergar needed an entirely new roof. However, the second adjustor was unable to provide a total damage estimate. Instead, he indicated that a "ropes-and-ladders team" would have to check the damage assessment. Subsequently, a ropes-and-ladders team assessed the roof and informed Stergar that there was only about $3,000.00 in damage. That estimate was at odds with what three roofing contractors believed was the correct damage assessment. One of those contractors was even recommended by Stergar's agent. Despite what the three roofing contractors

believed, State Farm declined to pay for a new roof and instead replaced the shingles on one slope of Stergar's home, two damaged vents, and a down spout.

Like Stergar, Gao also experienced issues with State Farm after submitting a claim for hail damage. The first adjustor to arrive found no hail damage to Gao's shingles but did find damage to aluminum ridge vents, gutters, the left and rear elevations, and on screens on the elevations. State Farm paid Gao $434.08 to replace the vents, gutters, and screens due to hail damage. Sometime afterward, Gao noticed that her home had developed an interior leak. She filed a claim with State Farm for the leak. State Farm paid the claim, specifically noting that the leak was the result of hail damage. In processing the claim, Gao contends that State Farm used the same claim number that was originally assigned to her hail damage claim. However, State Farm continued to deny coverage for Gao's roof based on its initial opinion that the roof was not damaged.

### B. PROPOSED CLASS DEFINITION

Plaintiffs request that the following class of individuals be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All State Farm insured homeowners who submitted roof damage claims under the applicable portion(s) of State Farm homeowner's policy of insurance, which resulted from the April 16, 2006 Storm(s) and whose claims were denied.
>
> Excluded from the proposed Class are (I) any Defendant, any entity in which any Defendant has a controlling interest in, and Defendants' legal representatives, predecessor, successor, and assigns; (ii) the judicial officers to whom this case is assigned; and, (iii) any members of the immediate families of any excluded person.

State Farm objects to the definition, arguing that the definition is not administratively feasible. In particular, State Farm focuses on that portion of the definition indicating that a claim was "denied" and what that term means. As State Farm notes, Stergar's and Gao's claims were not

denied in the strict sense, at least as the term is understood by the insurance industry. In addition, State Farm complains that there is no way to identify those individuals like Stergar and Gao whose claims were not wholly denied but were limited. In doing so, State Farm asserts that it received and processed over 49,000 claims for hail damage. Finally, State Farm contends that several individuals submitted their claims to arbitrations and might have already received a satisfactory adjudication. Therefore, State Farm believes that such individuals should be excluded from the class.

## II. STANDARDS FOR CLASS CERTIFICATION

This Court has repeatedly articulated the applicable standards for class certification. *See, e.g.*, *Meisberger v. Donahue*, 245 F.R.D. 627 (S.D. Ind. 2007); *Walker v. Calusa Investments, LLC*, 244 F.R.D. 502 (S.D. Ind. 2007). Certification of a class is governed by Rule 23. The propriety of class certification does not depend on the outcome of the suit or on whether a party will prevail on the merits but upon whether the requirements of Rule 23 are met. *See Eisen v. Carlisle*, 417 U.S. 156, 177-78 (1974); *Chavez v. Ill. State Police*, 251 F.3d 612, 620 (7th Cir. 2001). To show that class certification is justified in this case, Plaintiffs must first satisfy the four requirements of Rule 23(a). *See Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000); *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 475 (7th Cir. 1997). The prerequisites in Rule 23(a) are:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

If the Court determines that Plaintiffs have satisfied these prerequisites, then the Court must determine whether they meet one or more of the requirements of Rule 23(b).  *See Williams*, 204 F.3d at 760; *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).  Plaintiffs seek certification pursuant to Rule 23(b)(2) and (b)(3).  Under Rule 23(b)(2), Plaintiffs must demonstrate that State Farm "has acted or refused to act on grounds generally applicable to the class" so that final injunctive or declaratory relief will be appropriate for the class as a whole. *See* Fed. R. Civ. P. 23(b)(2).  Under Rule 23(b)(3), they must demonstrate that common question predominate and that class action will be superior to other available methods of resolving the controversy.  *See* Fed. R. Civ. P. 23(b)(3).[2]

### III. DISCUSSION

#### A. PRELIMINARY ISSUES

##### 1. Plaintiffs' Request for Certification Under Rule 23(b)(2) and (b)(3)

Based on the briefs, it is clear that Plaintiffs are seeking certification of two different classes, one for the injunctive relief that they seek and one for damages.  Plaintiffs proposal, known as divided/dual/hybrid certification, is one of the options discussed by the Seventh Circuit for handling cases where both injunctive and monetary relief are sought.  *See Lemon*, 216 F.3d at 581.

The difficulty with Plaintiffs proposal is that members of their (b)(3) class cannot be determined until liability is first decided.  Absent a finding that State Farm breached the insurance

---

[2] The Court recognizes that the Fourth Amended Complaint requests both injunctive and monetary relief and is cognizant of the Seventh Circuit's instructions in *Lemon v. International Union of Operating Engineers*, 216 F.3d 577, 580-82 (7th Cir. 2000), that a district court consider three options for class certification when faced with this situation.

contract or breached its duty of good faith and fair dealing, there is no liability and hence no damages.[3] Moreover, there could be great disparity on the individual damages claims, making it difficult to satisfy commonality. This same problem could require several sub-classes under (b)(3), including one sub-class consisting just of those individuals who suffered nominal damages. Finally, it is impossible to determine at this point whether the named representatives would even qualify to be representatives for the proposed (b)(3) class. Specifically, even assuming a breach at this point, the named representatives might have only nominal damages.

Given the difficulty at this juncture of certifying a class of individuals to pursue damages claims, the Court declines to certify a damages class at this time. The Court does not believe the divided certification is possible until liability has been determined. Further, the Court does not believe that the other options discussed in *Lemon* are feasible at this time given the probability that the trial will need to be bifurcated. The Court is aware that the question of certifying a damages class might have to be revisited in the future following a decision on liability. In fact, the Court notes that it has a certain amount of latitude and flexibility in managing class actions. *See* Fed. R. Civ. P. 23(c)(4); *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004). The Court deems it prudent to exercise those abilities and, at this time, will consider only whether a class action can be maintained on Plaintiffs' proposed (b)(2) class for injunctive relief. Accordingly, Plaintiffs request to certify a (b)(3) class on damages is **DENIED**.

---

[3] No doubt this is the reason that Plaintiffs are proposing to bifurcate the proceedings.

## 2. **Revision of Proposed Class Definition**

Based on State Farm's objections, the Court concludes that there are also issues involving Plaintiffs proposed class definition that make it unworkable. As noted, one of those issues is the fact that some policyholders opted to pursue non-binding arbitration. State Farm contends that some 1,254 individuals took this course of action, including the two proposed representatives. State Farm apparently agreed to have each of those individuals' roofs re-evaluated by a licensed professional engineer at State Farm's expense. In addition, State Farm asserts that some of the individuals who lost arbitration brought suit in state court and that many of those claims were resolved through settlement or verdicts. Finally, some of the policyholders were able to obtain a new roof at State Farm's expense, and Plaintiffs explicitly disavow any intention of including those individuals in the proposed class. *See* Pls.' Reply Br. at 13 n.6 (Docket No. 120).

The second issue with the definition involves semantical hairsplitting over the term "denied." State Farm uses the term in its strictest sense, while Plaintiffs believe that it should include anyone who did not receive a new roof at State Farm's expense. In other words, Plaintiffs consider a claim "denied" even where State Farm limited a claim to partial replacement of a roof or to such things as gutters and vents. Based on the dispute, the Court concludes that the term "denied" is confusing. It is also apparent that the thrust of Plaintiffs' claims is that State Farm improperly evaluated all claims and in doing so breached the insurance policies.

The Court believes that these issues can be addressed by modifying the proposed class definition as follows. First, individuals who have resolved their dispute through binding arbitration or a settlement agreement, or who have obtained resolution in a state or federal court via a verdict or judgment, should be excluded from the class. Second, the phrase "whose claims were denied"

8

should be eliminated and revised to indicate that any individual who did not obtain an entirely new roof at State Farm's expense, minus any applicable deduction or depreciation. Such a revision would be consistent with the purported class that Plaintiffs are seeking to certify. Consistent with this decision, the Court modifies the class definition as follows:

> All State Farm insured homeowners who submitted roof damage claims under the applicable portion(s) of State Farm homeowner's policy of insurance, which resulted from the April 16, 2006, Storm(s) and who did not receive an entirely new roof at State Farm's expense, minus any applicable deduction or depreciation.
>
> Excluded from the proposed Class are (i) any Defendant in this lawsuit, any entity in which any Defendant has a controlling interest, and Defendants' legal representatives, predecessors, successors, and assigns; (ii) the judicial officers to whom this case is assigned; (iii) any members of the immediate families of any person excluded under subsections (i) or (ii); and (iv) any individual who has already resolved a claim dispute concerning the April 16, 2006, Storm(s) through binding arbitration, settlement agreement, or via a judgment or verdict in a state or federal court as of the date of this Order.[4]

## B. RULE 23(a) PREREQUISITES

Having modified the proposed class definition, the Court can proceed to analyze the issue of class certification under Rule 23. The Court must first consider whether the proposed class meets Rule 23(a)'s prerequisite conditions for class certification.

### 1. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Although there is no "magic number" for numerosity

---

[4] The Court notes that the modified definition includes those individuals who currently have another lawsuit pending. As discussed more fully below, the Court believes that this group of individuals should receive notice of this lawsuit and a chance to opt-out of the proceedings.

9

purposes, joinder is considered impractical when a class numbers at least forty members. *See Swanson v. Am. Consumer Indus.*, 415 F.2d 1326, 1333 (7th Cir. 1969). Plaintiffs are not required to specify the exact number of persons in the class. *See Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989); *Hurd v. Monsanto*, 164 F.R.D. 234, 238 (S.D. Ind. 1995). However, they cannot simply rely on conclusory allegations that joinder is impractical or upon speculative allegations as to the size of the class to satisfy numerosity. *See Marcial*, 880 F.2d at 957; *Hurd*, 164 F.R.D. at 238.

Here, it is obvious that numerosity is satisfied. State Farm, by its own estimation, believes that it processed as many as 49,000 claims for hail damage for the period in question. Plaintiffs estimate, and State Farm does not dispute, that a minimum of 7,000 policyholders were affected by State Farm's evaluation process. This number is more than adequate to satisfy the numerosity requirement because joinder is generally considered to be impractical when a class numbers at least forty members. *See Swanson*, 415 F.2d at 1333. Accordingly, the Court finds that Rule 23(a)(1) has been met for this case.

### 2. **Commonality**

To satisfy Rule 23(a)(2)'s requirement of commonality, Plaintiffs must show "'[a] common nucleus of operative fact.'" *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992), *cert. denied* 506 U.S. 1051 (1993)). Factual variations among class members do not defeat the commonality requirement. *See id.* (citing *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 481 (7th Cir.), *cert. denied*, 451 U.S. 914 (1980)); *Rosario*, 963 F.2d at 1017 (citing *Patterson*, 631 F.2d at 481). Indeed, the commonality requirement does not require that every putative class member have every issue of fact and law in common. *See*

*id.* A common nucleus of fact is typically found where defendants have engaged in standardized conduct toward members of the proposed class. *See id.*

Here, the Court concludes that the commonality requirement has been met. Each putative class member has a claim concerning the issue of whether State Farm breached the insurance contracts or acted in bad faith by failing to have and apply a uniform and objective standard for evaluating hail damage claims. Further, Plaintiffs allege that State Farm engaged in standardized conduct by failing to adopt and implement objective guidelines for evaluating claims. Based on these circumstances, the Court finds that Rule 23(a)(2) has been satisfied.

### 3. Typicality

Rule 23(a)(3) requires the named representatives to demonstrate that their claims are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). A claim "'is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Keele*, 149 F.3d at 595 (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (other citations omitted in original)). Typicality is closely related to the commonality inquiry. *See id.* (citing *Rosario*, 963 F.2d at 1018). "[F]actual distinctions between the claims of the named class members and those of other class members" do not necessarily defeat a finding of typicality. *De La Fuente*, 713 F.2d at 233. The Court must focus on "'whether the named representatives' claims have the same essential characteristics as the claims of the class at large.'" *Retired Chi. Police Ass'n*, 7 F.3d at 597 (quoting *De La Fuente*, 713 F.2d at 232)) (other citations omitted).

State Farm argues that the typicality requirement has not been satisfied in this case because the named representatives cannot prove the claims of the class in the course of proving their own claims. In other words, State Farm argues that the class representatives' pursuit of their own claims will not work for the benefit of the entire class. In particular, State Farm focuses on the unique circumstances that would be present with each case, *i.e.*, the unique damages that might have been caused to each roof, and argues that the named representatives cannot advance the claims of every potential class member by just proving the named representatives' damages. In addition, State Farm contends that the same result occurs if the named representatives are able to prove that State Farm used arbitrary procedures to evaluate the named representative's claims; such proof would not necessarily mean that the same procedure was used on every home. Thus, at least according to State Farm, differing circumstances among the proposed class members renders the named representatives' claims atypical.

The Court disagrees with State Farm's argument, which misses the point of Plaintiffs' claims and the requested injunctive relief. At this stage, Plaintiffs are not yet pursuing damages. Instead, they are seeking to have a re-evaluation done on each of the roofs of the policyholders in the class. In doing so, Plaintiffs are seeking a uniform and objective standard rather than the *ad hoc* basis that they contend was employed. The focus is on the alleged, uniform misconduct. In that regard, the claim of each member of the proposed class has the same essential features. Each member was either entitled to an evaluation using a uniform and objective standard or they were not. If they were entitled to the use of such a standard, each member either can prevail on a claim that State Farm breached its obligations or it cannot. The legal theory is the same in each case, and the Court concludes that the typicality requirement under Rule 23(a)(3) has been met.

#### 4. **Adequacy of Representation**

Rule 23(a)(4) requires that the named representatives "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement entails a two-party inquiry. *See Retired Chi. Police Ass'n*, 7 F.3d at 598. First, the Court must determine whether chosen counsel can fairly represent the interests of the putative class. *See id.* Second, the Court must determine whether the named representatives will protect the interests of the putative class members. *See id.* (citing *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (*en banc*)). In other words, the representatives cannot make claims that are antagonistic to or in conflict with the claims of other class members. *See id.*; *Rosario*, 963 F.2d at 1018.

The Court agrees that Plaintiffs' counsel is qualified to represent the class in this action, something that State Farm does not dispute. Not only is the Court familiar in general with counsel's work, but the Declaration of William N. Riley illustrates the breadth of experience that counsel have in general litigation and in handling class actions. Having considered Mr. Riley's declaration, as well as the circumstances under Rule 23(g), the Court has no doubt that Plaintiffs' attorneys are qualified, will vigorously litigate this case, and have the financial means to pursue this action.

Similarly, the Court concludes that Stergar and Gao, the named representatives, are qualified to serve as representatives. There does not appear to be any conflict of interest with the members of the class on seeking and obtaining injunctive relief. Indeed, the named representatives' claims are identical to the relief sought for the entire class, and they certainly have an interest in ensuring that this cause will be litigated. Therefore, the Court finds that named representatives will adequately represent the interests of the class.

### C.  RULE 23(b)(2) REQUIREMENTS

Having found that all of the prerequisites of Rule 23(a) are satisfied, the Court must now determine whether Plaintiffs can meet the requirements of Rule 23(b)(2).  In order to do so, Plaintiffs must demonstrate that State Farm "has acted or refused to act on grounds generally applicable to the class" so that final injunctive or declaratory relief will be appropriate for the class as a whole.  *See* Fed. R. Civ. P. 23(b)(2).

The Court concludes that the requirements of Rule 23(b)(2) are present in this case.  As already noted, this case will likely be bifurcated and the Court is planning to proceed first with a liability phase concerning the requested injunctive relief.  Any consideration of damages will take place at a later date, with decertification or certification of sub-classes to take place prior to that time.  Therefore, the focus at this time is on injunctive relief.

In addition, as alleged by the Plaintiffs, State Farm has acted on grounds that are generally applicable to the proposed class by failing to apply a uniform and objective standard for evaluating hail damage claims.  Thus, the interests of each class member are cohesive, and a decision on whether State Farm has breached its obligations, and consequently whether the class members are entitled to a new evaluation, will affect all persons who are similarly situated.  Moreover, the adjudication of these issues should not depend on the particular or individual facts of each case. Consequently, the Court finds that the injunctive relief sought by Plaintiffs fits the mold for which Rule 23(b)(2) was drafted.  *See*, *e.g.*, A. Conte & H. Newberg, *Newberg on Class Actions*, § 25.20 (4th ed. 2002) (noting that Rule 23(b)(2) was drafted to facilitate relief in civil rights suits where primarily declaratory and injunctive relief are sought).  Therefore, the Court holds that Rule 23(b)(2) has been satisfied in this case.

### D. SUMMARY FOR CLASS CERTIFIED

Using the Court's revised definition, Plaintiffs have met all four of the prerequisites under Rule 23(a) for class certification. In addition, they have demonstrated that class certification is appropriate under Rule 23(b)(2). Accordingly, the Court **GRANTS** their requests for class certification under Rule 23(b)(2) and, pursuant to Rule 23(g), will appoint their counsel as class counsel.

### E. ADDITIONAL CONSIDERATIONS

Having certified the class, a consideration of certain administrative tasks is necessary. In particular, the Court is concerned about notice to the class, discovery issues, and case and trial management issues.

With respect to notice, because the Court has certified the class pursuant to Rule 23(b)(2) and the requested relief will have the same effect on all members as an individual suit would, the Court does not contemplate that specific, individualized notice is required in this suit for most class members. *See In re Allstate Ins. Co.*, 400 F.3d 505, 506-07 (7th Cir. 2005). Accordingly, the Court will not require that individualized notice be sent for most of the class members; however, the Court will require that general notice be done via publication and website.

The exception to this decision concerns those individuals who either have current lawsuits pending or who decide to file a lawsuit before the opt-out date. Pursuant to Rule 23(d)(2), the Court will require that specific, individualized notice be sent to such persons so that each person may decide whether to join the class -- and thereby be bound by this Courts' decisions -- or to opt-out and continue with their individual suits. The identity of those individuals who currently have a

15

lawsuit pending should be readily ascertainable. In the event that a class member files a new lawsuit between now and the opt-out date, State Farm shall promptly notify Plaintiffs' counsel so that proper individualized notice can be sent to that person or persons. In the event that such notice cannot be sent in time for those individuals filing a new lawsuit to opt-out before the deadline, the Court will re-examine and extend the deadline as necessary and where the interests of justice so require.

The parties are ordered to meet and confer regarding the notices required by this Order and file their proposed notice or notices **no later than Friday, February 13, 2009**. If the parties agree, the same notice can be use for both groups of individuals. The parties are also ordered to begin the process of identifying those persons who should receive individualized notice. Because the group of such persons is small and the identity should be known and readily available to Defendant, the Court does not contemplate that this process will be burdensome. As such, once the notice or notices are approved, Plaintiffs shall have **eleven (11) days from that date** to send out the individualized notices. The Court contemplates that class members would have **thirty (30) days from the deadline for mailing notices** to opt-out of this lawsuit.

## IV.  CONCLUSION

For the foregoing reasons, the Court orders and rules as follows:

Plaintiffs' Motion for Class Certification (Docket No. 58) is **GRANTED in part and DENIED in part**.  Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2), the Court certifies a class of individuals as herein defined to pursue the injunctive relief requested by the Fourth Amended Complaint.  In addition, the Court hereby **APPOINTS** Karen Stergar and Hong Gao as representative plaintiffs for the class and **APPOINTS** Plaintiffs' counsel at the firm of PRICE WAICUKAUSKI & RILEY, LLC as counsel for the class.

Plaintiffs' Request for Oral Argument on the Motion for Class Certification (Docket No. 121)  is **DENIED**.

Defendants' Motion to Strike Plaintiffs' Expert Witness (Docket No. 96) is **DENIED as MOOT or PREMATURE**.

Defendants' Motion to Strike Plaintiffs' Amended Trial Plan (Docket No. 129) is **GRANTED**.

In addition, the parties are directed to meet and confer on the notices contemplated by this Order and to file their proposed notice or notices **no later than Friday, February 13, 2009**.  The parties are also ordered to begin the process of identifying those persons who should receive individualized notice.

IT IS SO ORDERED: 02/06/2009

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Dennis F. Cantrell
BINGHAM MCHALE, LLP
dcantrell@binghammchale.com

Brad A. Catlin
PRICE WAICUKAUSKI & RILEY
bcatlin@price-law.com

Joseph E. Ezzie
BAKER & HOSTETLER LLP
jezzie@bakerlaw.com

Mark A. Johnson
BAKER & HOSTETLER LLP
mjohnson@bakerlaw.com

Jamie Ranah Kendall
PRICE WAICUKAUSKI & RILEY
jkendall@price-law.com

Tara Stapleton Lutes
BINGHAM MCHALE LLP
tlutes@binghammchale.com

Rand L. McClellan
BAKER & HOSTETLER LLP
rmcclellan@bakerlaw.com

John Mark McKinzie
RILEY BENNETT & EGLOFF LLP
mmckinzie@rbelaw.com

Christopher Allan Moeller
PRICE WAICUKAUSKI & RILEY
cmoeller@price-law.com

Nirav N. Parikh
RILEY BENNETT & EGLOFF LLP
nparikh@rbelaw.com

Henry J. Price
PRICE WAICUKAUSKI & RILEY
hprice@price-law.com

William N. Riley
PRICE WAICUKAUSKI & RILEY
wriley@price-law.com

Jana K. Strain
PRICE WAICUKAUSKI & RILEY
jstrain@price-law.com

James P. Strenski
BINGHAM MCHALE LLP
jstrenski@binghammchale.com

Joseph N. Williams
PRICE WAICUKAUSKI & RILEY
jwilliams@price-law.com