UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA KARTMAN, *et al.*, | |
| Plaintiffs, | Case No. 1:07-cv-00474-WTL-DKL |
| v. | Judge Lawrence |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al.*, | Magistrate Judge LaRue |
| Defendants. | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF ORDER DECERTIFYING CLASS

In response to Defendants' motion for entry of an order decertifying the class, Plaintiffs state that they do not object to entry of such an order in light of the Seventh Circuit's decision *ordering* decertification. However, Plaintiffs ask the Court to hold such an order "in abeyance" until resolution of the question of whether Plaintiffs' counsel is required to provide notice to class members of the decertification. In doing so, Plaintiffs, again invite error.

First, there is no "question" whether notice to the class is required – it is. *See Culver v. City of Milwaukee*, 277 F.3d 908, 914-15 (7th Cir. 2002) ("The judge's duty [upon decertification of a class] is to order notice unless the risk of prejudice to absent class members is nil and to review for adequacy the form of notice proposed by class counsel in response to the order."). Secondly, Plaintiffs' response implies that compliance with the mandate issued by the Seventh Circuit is subject to the Court's discretion. It is not. *See, e.g., United Airlines, Inc. v. U.S. Bank N.A.*, 409

F.3d 812, 813 (7th Cir. 2005) (holding inaction (or no action other than scheduling a status conference) in the face of a mandate by a superior court "is unjustifiable."). Indeed, the rule that a lower court must carry out the mandate of an appellate court is so well established that a writ of mandamus may issue to compel such action. *General Atomic Co.* v. *Felter,* 436 U.S. 493, 497 (1978). *See also, e.g., Bauer v. Transitional Sch. Dist.,* 255 F.3d 478, 483 (8th Cir. 2001) (citing cases for the "unremarkable proposition that district courts may not flatly ignore the mandates of the appellate courts above it.")

The Seventh Circuit issued its decision in February and its mandate on April 6, 2011. The mandate did not leave room for discretion, nor did it allow for decertification after notice or any other occurrence. Plaintiffs did not seek a stay of that mandate from the Seventh Circuit. Having failed to do so, it is improper for Plaintiffs to ask this Court to ignore the mandate that was issued nearly two months ago.

Pursuant to the mandate issued by the Seventh Circuit, the class should be decertified immediately.

        Respectfully submitted,

        /s/ Mark A. Johnson
        Dennis F. Cantrell
        dcantrell@csmlawfirm.com
        CANTRELL, STRENSKI &
        MEHRINGER, LLP
        2400 Market Tower
        10 West Market Street
        Indianapolis, Indiana 46204
        Telephone: (317) 352-3500
        Facsimile:  (317) 352-2501

Mark A. Johnson
mjohnson@bakerlaw.com
Rodger L. Eckelberry
reckelberry@bakerlaw.com
Joseph E. Ezzie
jezzie@bakerlaw.com
Rand L. McClellan
rmcclellan@bakerlaw.com
BAKER HOSTETLER LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215-4260
Tel:   614.228.1541
Fax:   614.462.2616

*Attorneys for Defendants State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 31, 2011, I caused to be filed using the Court's CM/ECF system a true and correct copy of the foregoing to be delivered electronically by the CM/ECF system to all registered parties, including the following counsel for Plaintiffs:

William N. Riley
301 Massachusetts Avenue
Indianapolis, IN 46204

/s/ Mark A. Johnson
One of the attorneys for Defendants