UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA KARTMAN, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs ) | CAUSE NO. 1:07-cv-474-WTL-DKL |
| ) | |
| STATE FARM MUTUAL ) | |
| AUTOMOBILE INSURANCE ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| Defendants ) | |

**PLAINTIFFS' RESPONSE TO THE ORDER
TO FILE PROPOSED NOTICE OF CLASS
DECERTIFICATION TO CLASS MEMBERS**

Plaintiffs, by counsel, respectfully object to the Court's order requiring Plaintiffs notify the class of class decertification in the instant case at Plaintiffs' expense. In support of this objection, the Plaintiffs state the following:

1. On February 6, 2009, this Court granted, in part, Plaintiffs' motion for class certification, and certified a class of State Farm's insureds pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.  *See* Doc. 183.

2. The Unites States Court of Appeals for the Seventh Circuit issued an opinion reversing this Court's decision on February 14, 2011.

3. Plaintiffs filed a Petition for Rehearing *En Banc* with the Seventh Circuit, which the Court denied on March 29, 2011.

4. Plaintiffs plan to petition the United States Supreme Court for certiorari, seeking review of the Seventh Circuit's decision.

5. In *Culver v. City of Milwaukee*, 277 F.3d 908 (7th Cir. 2002), a class had been certified and six years later, a district judge granted the defendant's motion to decertify the class.

The Seventh Circuit held that in these circumstances, the class should be given formal notice of the decertification of the class. *Id.* at 913-14.

6.  In *Edwards v. Clendenon Henney and Hoy*, , IP02-0271-CTK, 2003 WL 21254438, at *2 (S.D. Ind. Mar. 17, 2003), Judge Tinder reviewed the *Culver* decision and held that a class only needs to be given notice of decertification when "the class members have received formal notice of the class action and may have relied on that notice." In this case, Judge Lawrence's order granting class certification indicated that he thought some form of formal notice was appropriate for the Class, Docket No. 183, but State Farm pursued their appeal before both the Court entered an order requiring notice and the class was provided formal notice of class certification. Therefore, there is no legal requirement that the class be given formal notice of decertification.

7.  Magistrate Judge Baker has requested that Plaintiffs submit a proposed notice to the members of the decertified class, informing them of the potential effect of class decertification on them. Docket No. 241.

8.  Although Plaintiffs are not legally required to give formal notice of decertification to the class, Plaintiffs have, nevertheless, prepared a formal notice in compliance with the Court's order, which is attached as Exhibit A. If ordered to give notice, Plaintiffs propose to publish this notice as a 1/4 page advertisement in a weekday edition of the Indianapolis Star, the major newspaper covering the area in which the homes that are the subject of this lawsuit are situated, as soon as practicable after Judge Lawrence issues an order decertifying the class.

9.  Plaintiffs have attempted to negotiate the content of the notice with State Farm before submitting it to the Court, but while the parties agreed on the form of the notice, they were unable to reach an agreement on the content of that notice. The last draft of the proposed notice prepared by State Farm during those negotiations is attached as Exhibit B. State Farm insists that the notice contain an interpretation of the Seventh Circuit's decision with which Plaintiffs disagree,

namely State Farm's claim that the Seventh Circuit "decided that Plaintiffs have no claim based on any particular method of inspecting roofs, only to payment for actual loss." The particular language that is the subject of this disagreement is the second paragraph in State Farm's "What is This Case About?" section.

10. Plaintiffs anticipate that the legal dispute identified above will be argued thoroughly in dispositive motions. A resolution of that legal dispute is not necessary at this time, because this information will not materially help the former class members decide whether they should take any action in response to the decertification of the Class. Therefore, Plaintiffs do not believe it is appropriate to include State Farm's proposed language in the notice to the Class. Should the Court disagree, the Plaintiffs respectfully request that the Court enter a briefing schedule on this issue, so that the parties may fully address these issues.

WHEREFORE, Plaintiffs, by counsel, respectfully request the Court not order that the Plaintiffs notify the Class of decertification or, in the alternative, order additional briefing on the legal issues that are the subjects of disagreement on the content of the notice.

Respectfully Submitted,

**PRICE WAICUKAUSKI & RILEY, LLC**

s/ Brad A. Catlin
William N. Riley, Atty. No. 14941-49
Jamie R. Kendall, Atty. No. 25124-49A
Joseph N. Williams, Atty. No. 25874-49
Brad A. Catlin, Atty. No. 21570-29
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-8787
Facsimile: (317) 633-8797
Email: wriley@price-law.com
       jkendall@price-law.com
       jwilliams@price-law.com
       bcatlin@price-law.com

3

**CERTIFICATE OF SERVICE**

I hereby certify that an exact and true copy of the foregoing has been filed electronically on this 31st day of May, 2011.  Notice of this filing will be sent to the following party by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system:

>Dennis F. Cantrell
>James P. Strenski
>Tara Stapleton Lutes
>CANTRELL, STRENSKI & MEHRINGER, LLP
>dcantrell@csmlawfirm.com
>jstrenski@csmlawfirm.com
>tlutes@csmlawfirm.com
>
>Mark A. Johnson, Esq.
>Rodger L. Eckelberry
>Joseph E. Ezzie, Esq.
>Rand L. McClellan, Esq.
>BAKER & HOSTETLER LLP
>mjohnson@bakerlaw.com
>reckelberry@bakerlaw.com
>jezzie@bakerlaw.com
>rmcclellan@bakerlaw.com

>>s/ Brad A. Catlin
>>Brad A. Catlin