UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA KARTMAN, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY, *et al.*,<br><br>    Defendants. | Case No. 1:07-cv-00474-WTL-DKL<br><br>Judge Lawrence<br><br>Magistrate Judge LaRue |

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO THE ORDER TO FILE PROPOSED NOTICE OF CLASS DECERTIFICATION TO CLASS MEMBERS

I.  Introduction

On February 14, 2011, the U.S. Court of Appeals for the Seventh Circuit reversed this Court's February 6, 2009, Order certifying this case as a class action under Fed. R. Civ. P. 23(b)(2).  On April 6, 2011, the Seventh Circuit issued its Notice of Issuance of Mandate requiring this Court to effect the final judgment of the Seventh Circuit, specifically, that the class certification "judgment of the district court is REVERSED with costs, and REMANDED with instructions to decertify the Rule 23(b)(2) class . . . ." Dkt. No. 234 (emphasis in the original).

While the filing of an alleged class action tolls the statute of limitations, when class certification is denied or decertified the statute resumes running for the class members. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352-54; *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554.  Unless former class members are notified that the suit has been decertified, they may fail to file their own suits

and thus fail to "re-arrest" the statute of limitations. *Glidden v. Chromalloy American Corp.*, 808 F.2d 621, 627 (7th Cir. 1986); *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1409 (9th Cir. 1989). As a result they may find their claims time barred without knowing it. *Culver*, 277 F.3d at 914.

Because of the substantial publicity this case received, which was actively sought by Plaintiffs and their counsel, the risk of prejudice to former class members if not notified of the decertification is substantial. Consequently, the former class must be notified of the decertification mandated by the Seventh Circuit. This Court recognized as much when it ordered Plaintiffs to "file with the Court their proposed notice to the class regarding decertification, . . .", an order of Magistrate Judge Baker from which Plaintiffs did not file objections. (Dkt. no. 241).

## II.   Law and Argument

### A.   Notice to the former class of decertification is required.

The Seventh Circuit has held that Fed. R. Civ. P. 23

> should … be understood as imposing a duty on the district judge that is nondelegable, he being himself a fiduciary of the class. The judge's duty [upon decertification of a class] is to order notice unless the risk of prejudice to absent class members is nil and to review for adequacy the form of notice proposed by class counsel in response to the order.

*Culver v. City of Milwaukee*, 277 F.3d 908, 915 (7th Cir. 2002).

Here, the risk of prejudice to the class members is substantial. This case, including this Court's order certifying the class, received substantial publicity. *See, e.g.,* http://www.theindychannel.com/news/18677014/detail.html (Indianapolis Channel 6 News story reporting certification of the class); http://www.wthr.com/story/9859839/class-action-suit-filed-over-state-farm-hail-

storm-claims?redirected=true (Indianapolis Channel 13 news story reporting the filing of the "class action" and interviewing Plaintiffs' counsel). In fact, Plaintiffs and their counsel actively sought publicity surrounding this case. *See, e.g., http://www.superlawyers.com/indiana/lawyer/Joseph-N-Williams/df169893-11d7-491a-b12b-4d3bb6aa9ac5.html* (stating Mr. Williams is "highly involved in the hail damage class action against State Farm that was certified in 2009"); 3/31/08 Stergar Dep., pp. 27-46 (detailing Plaintiff Stergar's numerous communications with a television reporter to provide him with information about this case, interview of Mr. Riley for Ms. Stergar's news station, and other efforts to publicize the case) (Dkt. 95-4). Thus, the risk of prejudice to the former absent class members if notice does not issue must be presumed. *See, e.g., Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 762-764 (6th Cir. 2005) ("Such public attention presumably led putative class-action members to believe that their rights were being adequately represented by the . . . plaintiffs. Without notice that these actions had been dismissed, the putative class members were likely lulled into believing that their claims continued to be preserved.").

The parties attempted to agree on a proposed order directing notice to the former class. *See* Dkt. 249, Pls' Response to Order to File Proposed Notice. The parties were unable to agree to the text of the proposed order because Plaintiffs' counsel insisted upon including in the order the following: "The Court recognizes that notice to the class is not required in this situation, because the class was not given formal notice following certification." *See* Pls' Proposed Order, Ex. 1. *See also* Dkt. 249, Pls' Response to Order to File Proposed Notice, ¶ 8 ("Although Plaintiffs

3

are not legally required to give formal notice. . . ."). Plaintiffs' counsel's stated purpose for including the contested sentence is their concern that an order compelling notice in this case might be used by some party in the future to require them to provide notice of the denial of class certification in some future case. That is, the language is not to protect former class members but, rather, Plaintiffs' *counsel* in some future litigation.

Even if the protection of Plaintiffs' counsel from an overly broad interpretation of the order in some future case was a legitimate concern here, the language they insist upon is wrong as a matter of law. Notice of the decertification *is* required in this situation – even though formal notice of the certification was not provided. The *Culver* court was unequivocal – the Court must "order notice unless the risk of prejudice to absent class members is nil. . . ." *Culver*, 277 F.3d at 915.

Plaintiffs' reliance upon the unreported decision in *Edwards v. Clendenon Henney and Hoy*, IP02-0271-CTK, 2003 U.S. Dist. LEXIS 9043 (S.D. Ind. 2003) is unfounded. It is true that *Edwards* interpreted *Culver* as requiring notice to class members only when "the class members have received formal notice of the class action and may have relied on that notice." *Edwards*, 2003 U.S. Dist. LEXIS at *5-6. The *Edwards* decision, though, was premised upon the assumption that, because the *Culver* class had been certified, "class members had received formal notice of the class action and may have relied on it to protect their interests." *Id.* at *5. The factual assumption of *Edwards*, however, was unfounded.

As noted by the court in *Radmanovich v. Combined Ins. Co.*, 271 F. Supp. 2d 1075, 1078 (N.D. Ill. 2003):

4

Although *Edwards* emphasized the formal notice received by the class members in *Culver* in distinguishing the Seventh Circuit case, the court finds no mention of formal notice of certification in the *Culver* decision. Instead, the Seventh Circuit simply relied upon the fact that some of the class members may have been aware of the suit and, therefore, may have been prejudiced without receiving notice of the decertification. *Id.* Second, the court questions whether formal notice issued in *Culver*, as the *Edwards* court assumed. In *Culver*, the Seventh Circuit noted that the district court thought that the class members "probably were unaware of the suit and therefore would not be prejudiced by its demise." *Id.* Consequently, the court questions whether formal notice of class certification did, in fact, issue in *Culver*. The absence of such formal notice would seriously undermine the reasoning of the *Edwards* court.

In fairness to the *Edwards* court, the *Culver* trial court docket may not have been electronically available in 2003, so whether formal notice of certification was provided to the class in that case may not have been ascertainable. However, a review of the *Culver* docket in the trial court now reveals that, in fact, *no* formal notice of the initial certification of the class was given.[1] Thus, the factual assumption underlying the *Edwards* decision was incorrect.

Here, as in *Culver*, there was no formal notice given of the certification of the class. Here, as in *Culver*, there is a risk of prejudice to class members if notice of the decertification is not provided. Therefore, as in *Culver*, notice is required.

### B. The parties mostly agree on the form and content of the notice.

Because the hailstorm that caused the damage giving rise to this case was limited to the central Indiana area, the parties agree that one-time, publication notice in the Indianapolis Star would be sufficient, reasonable notice to the class. The parties similarly agree that such publication be in a weekday edition (either the

---

[1] Defendants obtained a copy of the *Culver* docket through the ECF system. Due to its size, Defendants have not attached a copy as an exhibit, but will provide a copy to the Court and Plaintiffs' counsel upon request.

5

first or metro section), and be one-quarter page in size. The parties also agree on the content, with the exception of one paragraph – explaining to the class the Seventh Circuit's holding. *Compare* Dkt. 249, Ex. A (Pls' proposed notice) with Dkt. 249, Ex. B (Defs' proposed notice).

Plaintiffs' objection to State Farm's proposed notice is to the following language: "The Court of Appeals decided that Plaintiffs have no claim based on any particular method of inspecting roofs, only to payment for actual damages. Therefore, the Court of Appeals ruled that certification of an injunctive relief class was improper, and ordered that the case proceed only on the individual claims of the Plaintiffs." *Id.*, at Ex. B. Plaintiffs refer to this as State Farm's "interpretation" of the Seventh Circuit's decision. *Id.* at ¶9. It is not an interpretation, though -- it is the plain language of the decision.

The Seventh Circuit held: "At bottom, the actionable claims in this case are for State Farm's alleged underpayment of the plaintiffs' hail-damage claims— nothing more, nothing less. The insurer's use of an ad hoc loss-assessment standard may be evidence that it underpaid in some cases *but is not an independently actionable wrong*." 634 F.3d 883, 892 (emphasis added). Defendants respectfully submit that this language accurately and succinctly summarizes the holding of the Seventh Circuit, and request that the Court order Plaintiffs' counsel to publish the notice proposed by Defendants (Dkt. 249, Ex. B) in one-quarter page size, in the first or Metro sections of the Indianapolis Star, as soon as possible.

While Plaintiffs, understandably, do not want the basis for the Seventh Circuit's decision to be published, without notifying former class members of the

basis for the decision the notice is incomplete. They might seek to assert the same legal theory rejected by the Seventh Circuit, wasting their time and that of another court, in a futile effort that can be avoided by a simple, succinct, and accurate statement of the basis for the Seventh Circuit's decision. Plaintiffs state that they disagree with State Farm's "interpretation," but state no basis for doing so. Instead, they ask for still more delay to allow still more briefing, all the while the statute of limitations may be running (if not already expired) on the claims of former class members. This is not in the best interests of the former class.

    C.    <u>Plaintiffs' Request To Defer Ruling on The Content of the Notice Is Improper.</u>

Plaintiffs ask the Court to "enter a briefing schedule" on the issue of the proper content of the notice, if the Court disagrees with Plaintiffs' position. *See* Dkt. 249, ¶10. Plaintiffs' request would prejudice the rights of the former class members whom they sought to represent, as the statute of limitations will continue to run while Plaintiffs spend time "briefing" an issue clearly resolved by the Seventh Circuit's rejection of their theory over three months ago, class members may find their claims time-barred without having been notified of the decertification. While Plaintiffs' counsel may be willing to risk prejudice to the rights of the former class members, the Court should not. Notice should be issued without delay.

Further, compliance with the Court of Appeals' mandate ordering decertification of the class cannot be dependent upon or await action by Plaintiffs' counsel to provide notice. The mandate was not conditioned upon occurrence of

notice or any other events, and Plaintiffs did not timely seek a stay of the mandate. Accordingly, this Court should reject Plaintiffs' invitation of delay and immediately comply with the Seventh Circuit's mandate.

## III. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court order Plaintiffs' counsel to provide notice to the class as requested herein.

Respectfully submitted,

/s/ Mark A. Johnson
Dennis F. Cantrell
dcantrell@csmlawfirm.com
CANTRELL, STRENSKI &
MEHRINGER, LLP
2400 Market Tower
10 West Market Street
Indianapolis, Indiana 46204
Telephone: (317) 352-3500
Facsimile: (317) 352-2501

Mark A. Johnson
mjohnson@bakerlaw.com
Rodger L. Eckelberry
reckelberry@bakerlaw.com
Joseph E. Ezzie
jezzie@bakerlaw.com
Rand L. McClellan
rmcclellan@bakerlaw.com
BAKER HOSTETLER LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215-4260
Tel:   614.228.1541
Fax:  614.462.2616

*Attorneys for Defendants State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2011, I caused to be filed using the Court's CM/ECF system a true and correct copy of the foregoing to be delivered electronically by the CM/ECF system to all registered parties, including the following counsel for Plaintiffs:

> William N. Riley
> 301 Massachusetts Avenue
> Indianapolis, IN 46204

/s/ Mark A. Johnson
One of the attorneys for Defendants