UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


| CYNTHIA KARTMAN, *et al.*, | ) |
| --- | --- |
| Plaintiffs, | ) |
| vs. | ) Cause No. 1:07-cv-474-WTL-TAB |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al.*, | ) |
| Defendants. | ) |

## ENTRY ON PENDING MOTIONS

On April 6, 2011, the mandate of the Seventh Circuit Court of Appeals reversing this Court's order granting class certification was entered on the docket in this case. Prior to that date, the Court issued an order lifting the stay and asking the Magistrate Judge assigned to the case to hold a status conference to discuss how the case should proceed. In the meantime, the Plaintiffs filed a Motion to Reconsider Lifting the Administrative Stay (dkt. no. 235) asking the Court to reinstate the stay[1] because the Plaintiffs intend to file a petition for *certiorari* with the United States Supreme Court. That motion is **DENIED**. The Court believes it is in everyone's best interests for the individual Plaintiffs' cases to proceed, especially in light of the substantial time that already has passed since the events that led to this case occurred. While the Plaintiffs apparently disagree, they make only a vague assertion regarding the "case management difficulties that will be presented" in the event that the United States Supreme Court grants the Plaintiffs'

---

[1]The Plaintiffs do not, and of course could not, request that this Court stay its compliance with the mandate to decertify the class, as that is relief that could only be granted by the Seventh Circuit pursuant to Federal Rule of Appellate Procedure 41(d)(2). Rather, the Plaintiffs seek a stay of the proceedings on their individual cases.

petition for *certiorari* and ultimately reverses the ruling of the Seventh Circuit. Whatever hypothetical difficulties those might be, the Court believes they are outweighed by the very real fact that this case was filed over four years ago and arises out of events that took place over five years ago.

Also pending before the Court is the Defendants' Motion for Entry of Order Decertifying Class (dkt. no. 245). The Court was, and still is, of the opinion that it was appropriate to resolve the matter of class notice before decertifying the class so as to minimize the delay between decertification and notice to the class and therefore better fulfill the Court's duty to protect the interests of the class members. *See Culver v. City of Milwaukee*, 277 F.3d 908, 915 (7th Cir. 2002) (noting that district judge is a fiduciary of the class with a nondelegable duty to protect class members); *see also* Defendants' Reply to Plaintiffs' Response to the Order to File Proposed Notice of Class Decertification to Class Members (dkt. no. 250) at 2 (noting the substantial prejudice class members are likely to suffer if they do not receive proper notice of decertification). To that end, Magistrate Judge Baker indicated in his May 9, 2011, order that the Plaintiffs would be filing a proposed decertification notice; the promised filing was made on May 31, 2011. Not surprisingly, the Plaintiffs indicated at that time that the parties had been unable to agree on the decertification notice issue, and the Defendants weighed in with their own filing on June 1, 2011. Pursuant to Local Rule 7.1, the Court then waited seven days in order to give the Plaintiffs the opportunity to file a reply brief; that time period (given the additional three days provided for by Federal Rule of Civil Procedure 6(d)) expired yesterday. Accordingly, the matter is now properly before the Court for resolution.

The Plaintiffs argue that a decertification notice is not necessary because no formal class notification was ever made. However, the Court agrees with the Defendants that given the amount

of publicity this case received when it was filed and at the time of class certification, notice of class decertification is necessary in order to avoid prejudice to class members who may be aware of the suit due to the publicity surrounding it but remain unaware of the decertification order.

With regard to the form and content of the notice, the parties have agreed on the former but not the latter. Specifically, the parties have agreed that the notice shall be published as a 1/4 page advertisement in a weekday edition of the Indianapolis Star, and the Court agrees that this form of notice is adequate. As to the content of the notice, the parties have suggested competing text. The substantive dispute between the parties is whether it is appropriate to include language proposed by the Defendants summarizing the Seventh Circuit's ruling. The Court has considered the arguments of both parties and determines that the language in question is unnecessary and is not likely to assist a layperson in understanding what has occurred in this case. Rather, the notice proposed by the Plaintiffs, *see* Exhibit 1 to dkt. no. 249, sufficiently protects the interests of the class by stating clearly that a class no longer exists, that the time for filing an individual suit is limited, and that anyone interested in pursuing such a suit should consult an attorney. That attorney can then read the entire Seventh Circuit opinion and determine what it means for his or her individual client's case.

Under separate order this date, the Court has entered its order decertifying the class. Plaintiffs' counsel shall arrange for the notice set forth in Exhibit 1 to Docket Number 249 to be published in a weekday edition of the Indianapolis Star as a 1/4 page advertisement as soon as practicable, and in no event more than seven days from the date of this Entry.

SO ORDERED: 06/14/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification